**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Brian CAMPBELL, Defendant–
Appellant.**

**No. 01–50167.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 2002.*

Filed June 3, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Brian Campbell, Rancho Cucamonga, CA, defendant-appellant in proper person.

Mark Aveis, Assistant United States Attorney, Los Angeles, CA, for the plaintiff-appellee.

Before FERNANDEZ, RAWLINSON, Circuit Judges and EDWARD C. REED, Jr.,** District Judge.

## OPINION

RAWLINSON, Circuit Judge.

Brian Campbell ("Campbell") appeals the district court's denial of his motion for the award of attorney's fees pursuant to the Hyde Amendment. Campbell argues that the district court abused its discretion in ruling that Campbell was not a "prevailing party" and failed to establish that the government acted in "bad faith."

### STANDARD OF REVIEW

"[D]enial of a motion for attorney's fees under the Hyde Amendment is reviewed for abuse of discretion." *United States v. Tucor Int'l., Inc.*, 238 F.3d 1171, 1175 (9th Cir.2001) (citing *United States v. Lindberg*, 220 F.3d 1120, 1124 (9th Cir.2000)). We can reverse only if we have "a definite

** The Honorable Edward C. Reed, Jr., United States District Judge for the District of Nevada, sitting by designation.

and firm conviction that the district court committed a clear error of judgment." *Id.* "The district court abuses its discretion when it makes an error of law, or bases its conclusion on a clearly erroneous finding of fact." *Id.* (citations omitted).

## BACKGROUND

Campbell, a personal injury attorney licensed to practice law in California, was indicted for various counts of mail fraud. The indictment alleged that Campbell and his wife participated in a scheme to "defraud automobile insurance companies by means of false and fraudulent pretenses...." The indictment specifically alleged that Campbell and his wife used a portion of the settlement payment from insurance companies to pay a "capper" a kickback fee for referring the supposed accident victims to Campbell's law office.

Campbell subsequently entered into a diversion agreement. The United States agreed to discharge the indictment if Campbell successfully complied with the agreement for a period of eighteen months. Campbell also agreed to regularly report to a Pretrial Services Officer; send monthly reports to the officer; repay the government for the loss it suffered as a result of his offense; and complete one hundred hours of community service. The agreement specifically noted Campbell's acceptance of responsibility for providing a "gratuity" for referral of a personal injury matter.

After Campbell successfully completed his diversion period, the indictment was dismissed in accordance with the terms of the diversion agreement. On the same day that the indictment was dismissed,

Campbell filed his motion for an award of attorney's fees pursuant to the Hyde Amendment. The district court's order denying Campbell's motion was entered on February 15, 2001. Campbell filed a timely notice of appeal.

## DISCUSSION

The Hyde Amendment allows the award of reasonable attorney's fees and other litigation expenses to the prevailing party where the court finds that the United States' position was vexatious, frivolous, or in bad faith. 18 U.S.C. § 3006A Note.[1]

■ Campbell "bears the burden of proof, as well as establishing that he is otherwise qualified for the award under the law." *United States v. Braunstein,* 281 F.3d 982, 994 (9th Cir.2002) (citation and internal quotation marks omitted).

■ The district court relied on the following facts to determine that Campbell was not a prevailing party: (1) he was not acquitted or otherwise exonerated; (2) he signed a diversion agreement containing an admission that he paid a "gratuity" fee for a referral; and (3) he paid restitution, performed community service and submitted to probation-like reporting.

The Hyde Amendment does not expressly define the term "prevailing party," nor is there any case law definitively interpreting this term. *Cf., United States v. Beeks,* 266 F.3d 880, 883 (8th Cir.2001) (per curiam) (finding Beeks was not a prevailing party where he was found guilty at the first trial, pled guilty at the second trial, and the appellate court was presently affirming the second conviction); *United*

1. In relevant part, the Hyde Amendment provides:

> During fiscal year 1998 and in any fiscal year thereafter, the court, in any criminal case pending on or after the date of the enactment of this Act [Nov. 26, 1997], may award to a prevailing party, other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust. 18 U.S.C. § 3006A Note.

*States v. Knott*, 256 F.3d 20, 26, n. 3 (1st Cir.2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 1064, 151 L.Ed.2d 967 (2002) (noting, without further comment, the government's argument in the district court contesting whether the defendants were properly considered "prevailing parties" when the indictment was dismissed without prejudice).

■ In *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), the Supreme Court recently wrestled with the question of who is a "prevailing party" under the Fair Housing Amendments Act of 1988 (FHAA), 42 U.S.C. § 3613(c)(2), and the Americans with Disabilities Act of 1990(ADA), 42 U.S.C. § 12205. The Court reasoned that its prior decisions supported the proposition that only "enforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Id.* at 604, 121 S.Ct. 1835.

In *Perez–Arellano v. Smith*, we adopted the Supreme Court's standard in *Buckhannon*, ruling that a "prevailing party" under the Equal Access to Justice Act (EAJA) "must be one who has gained by judgment or consent decree a 'material alteration of the legal relationship of the parties.'" 279 F.3d 791, 794 (9th Cir.2002) (quoting *Buckhannon*, 532 U.S. at 604, 121 S.Ct. 1835). We "discern[ed] no reason to interpret the EAJA inconsistently with the Supreme Court's interpretation of 'prevailing party' in the FHAA and the ADA as explained in *Buckhannon*." *Id.*

Incorporating the definition announced in *Buckhannon* and adopted in *Perez–Ar-*

*ellano* is appropriate in this case because the Hyde Amendment expressly provides that "awards [of attorney's fees] shall be granted pursuant to the procedures and limitations (but not the burden of proof) provided for an award under section 2412 of title 28, United States Code [the EAJA]." 18 U.S.C. § 3006A Note.

*Buckhannon* describes a prevailing party as one who has "receive[d] at least some relief on the merits of his claim." *Buckhannon*, 532 U.S. at 603, 121 S.Ct. 1835. (citation and internal quotation marks omitted). Campbell does not fit this description. In fact, Campbell's treatment was more akin to that of a convicted defendant. Campbell is not a "prevailing party" for purposes of the Hyde Amendment.[2]

## *CONCLUSION*

■ The district court did not abuse its discretion in denying Campbell's motion for attorney's fees pursuant to the Hyde Amendment. While the district court reached its conclusion through a different analysis, this court may affirm on any basis finding support in the record. *Matus–Leva v. United States*, 287 F.3d758, 759 (9th Cir.2002).

AFFIRMED.

---

**2.** Having found that Campbell is not a prevailing party, we need not reach the issue of whether the government acted in bad faith.