**Adrian JONES, Plaintiff—Appellant,**

v.

**CITY OF STEILACOOM, a municipal corporation; Larry R. Whelan, Defendants—Appellees.**

No. 01–35678.

D.C. No. CV–00–05295–JKA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 2002.

Decided Sept. 3, 2002.

Before TASHIMA, RAWLINSON, and REAVLEY,* Circuit Judges.

MEMORANDUM **

Adrian Jones ("Jones") was arrested for robbing a bank, but after approximately 51 days of incarceration, the charges were dismissed. After his release, Jones filed a complaint against the City of Steilacoom (the "City") and Detective Larry R. Whelan ("Whelan"). Following presentation of Jones' case, the judge dismissed his tort of outrage claim. At the conclusion of the jury trial for the remaining section 1983 and state malicious prosecution claims, the jury returned a verdict in favor of Defen-

dants. Jones timely appeals the district court's denial of his Motion for a New Trial, predicated upon the court's dismissal of his tort of outrage claim.

The district court properly dismissed Jones' tort of outrage claim, because his claim for outrage arises directly from the same conduct upon which the malicious prosecution claim was based. See Francom v. Costco Wholesale Corp., 98 Wash. App. 845, 991 P.2d 1182, 1192 (Wash.Ct. App.2000). The tort of outrage is a vehicle for recovery only "in the absence of other tort remedies." Brower v. Ackerley, 88 Wash.App. 87, 943 P.2d 1141, 1147 (Wash. Ct.App.1997) (citation omitted). Jones' inability to prove his malicious prosecution claim necessarily defeats his tort of outrage cause of action. See Keates v. City of Vancouver, 73 Wash.App. 257, 869 P.2d 88, 94 (Wash.Ct.App.1994) (recognizing that plaintiffs "who seek redress for emotional distress caused by being accused of a crime must prove the elements of malicious prosecution.").[1]

AFFIRMED.

---

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Although the judge dismissed the tort of outrage claim for failure to establish emotional distress, we may affirm on any basis finding support in the record. United States v. Campbell, 291 F.3d 1169, 1172 (9th Cir.2002).