**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

THERESA HELENA CAMPBELL,
*Defendant-Appellant.*

No. 17-50140

D.C. No.
2:16-cr-00387-BRO-1

OPINION

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Argued and Submitted December 7, 2017
Pasadena, California

Filed February 28, 2018

Before: Kim McLane Wardlaw and Ronald M. Gould,
Circuit Judges, and Raner C. Collins,[*] Chief District Judge.

Opinion by Chief District Judge Collins

---

[*] The Honorable Raner C. Collins, Chief United States District Court Judge for the District of Arizona, sitting by designation.

## SUMMARY[**]

### Criminal Law

Vacating the district court's order revoking supervised release and remanding for further proceedings, the panel held that 18 U.S.C. § 3583(i), which extends the power to revoke a term of supervised release even after the term has expired, does not empower a district court to base a revocation upon violations which (1) were not alleged prior to the expiration period and (2) are not otherwise factually related to a matter raised in a signed warrant or summons issued before expiration.

### COUNSEL

Caleb E. Mason (argued) and Scott L. Menger, Brown White & Osborn LLP, Los Angeles, California, for Defendant-Appellant.

Thomas F. Rybarczyk (argued), Assistant United States Attorney, General Crimes Section; Lawrence S. Middleton, Chief, Criminal Division; Sandra R. Brown, United States Attorney; United States Attorney's Office, Los Angeles, California; for Plaintiff-Appellee.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

COLLINS, Chief District Judge:

Theresa Helena Campbell[1] ("Campbell") appeals the district court's order revoking her supervised release and sentencing her to a year and a day imprisonment.  We are called upon to decide whether the district court lacked authority to issue that order.  In doing so, we must consider, as a matter of first impression in this circuit, the parameters of 18 U.S.C. § 3583(i), which extends the power of a court to revoke a term of supervised release even after the term has expired.  More specifically, we must settle whether a court may base a revocation upon violations which (1) were not alleged prior to the expiration of the supervision period, and (2) are not otherwise factually related to any matter raised before the court during the supervision period.  For the reasons explained below, we conclude that district courts are not so empowered.

## I. Background

A. *Campbell's Conviction, Sentence, and Terms of Supervised Release*

On January 9, 2014 Campbell, having pleaded guilty to mail fraud in violation of 18 U.S.C. § 1341, was sentenced by a district court in the Eastern District of California to 18 months imprisonment and 36 months of subsequent supervised release.  Campbell was further ordered to pay $85,592 in restitution.

---

[1] Who may also be known as Theresa Helena Roccampbell and/or Theresa Helene Roccampbell.

Campbell's supervised release commenced on February 15, 2014. Among the conditions imposed were requirements that she (1) truthfully answer all inquiries made by the United States Probation Officer ("USPO") assigned to oversee her supervised release and, further, follow instructions issued by said USPO; (2) notify the USPO within 72 hours of being arrested or questioned by a law enforcement officer; and (3) not open additional lines of credit without approval from the USPO. On June 7, 2016 jurisdiction over Campbell's case was transferred to the Central District of California. Campbell's supervised release expired on February 14, 2017.

B.  *Probation's Pre-Expiration Violation Report*

On February 7, 2017—seven days prior to the originally scheduled expiration date of her supervised release—USPO Eric Siles ("Siles") filed a report charging Campbell with three violations of conditions of her supervision (the "Violation Report"). Therein, Siles alleged that (1) having been ordered by the Court to answer truthfully all inquiries made by her USPO and to follow the instructions of her USPO, Campbell failed to report on her monthly supervision reports that she was the registered owner of a Chevrolet Camaro; (2) having been ordered by the Court to notify her USPO within 72 hours of being arrested or questioned by a law enforcement officer, Campbell failed to notify her USPO that she contacted Riverside Police Department on or around September 3, 2014, to report her Chevrolet Camaro stolen; and (3) having been ordered by the Court to not open additional lines of credit without obtaining the prior approval of her USPO, Campbell admitted to providing her personal information to a friend who, in turn, listed it on a BMW car loan application. Siles later testified that he became aware of the circumstances concerning the Chevrolet Camaro in

September 2014. He further testified that he became aware of the circumstances concerning the BMW car loan in 2015.

The district court signed the Violation Report on February 9, 2017. The clerk of the court filed it and issued a summons commanding Campbell to appear before the court on February 27, 2017 at 9:00 a.m. to show cause why her supervised release should not be revoked. That hearing (the "Violation Hearing") was twice continued, first on the court's own motion and later pursuant to a stipulation by the parties.

C. *Probation's Post-Expiration Amendments to the Violation Report*

On March 17, 2017, Siles petitioned the Court to sign and order an amendment to the Violation Report. Therein, he proposed twenty-two new supervised release violation allegations. Twenty-one of the new allegations were that Campbell committed perjury under 18 U.S.C. § 1001 when she failed to disclose, as income earned, casino winnings in her monthly supervision reports. The final new allegation was that Campbell failed to timely notify her USPO that, on or about March 10, 2016, she contacted the Riverside Police Department in order to report her Mazda minivan stolen.

The parties do not dispute that these twenty-two new, post-expiration allegations are factually unrelated to any allegation raised to the court during Campbell's supervised release term. Even so, on March 22, 2017—more than a month after the originally scheduled expiration date of Campbell's supervised release—the district court signed and ordered Siles's March 17, 2017 amendment to the Violation Report.

Shortly thereafter, on April 12, 2017, Siles petitioned the court to further amend the Violation Report before the Violation Hearing. By and through this second proposed amendment Siles sought to augment the first allegation by adding that Campbell either owned or operated the subject Chevrolet Camaro.

On April 13, 2017, the district court signed and ordered Siles's April 12, 2017 amendment to the Violation Report.

D. *The Violation Hearing and Sentencing*

Over the course of two days, beginning on April 17, 2017 and concluding on  April 19, 2017, the district court conducted the Violation Hearing to address the amended Violation Report.  Campbell denied every allegation contained therein.  The Government, in turn, presented evidence as to most of the alleged violations, including several of the perjury charges.  No evidence was presented as to the allegation concerning Campbell's purported failure to disclose contact with Riverside police regarding her stolen Mazda minivan.  Campbell responded to the Government's evidence with testimonial evidence from her boyfriend.  At the conclusion of the hearing, the district court found that the government had met its burden regarding the two pre-expiration allegations concerning the Chevrolet Camaro and eleven of the twenty-two post-expiration allegations concerning the income from casino winnings.

Having found Campbell in violation of the terms of her supervised release, the district court sentenced her to 12 months and 1 day imprisonment and 24 months of subsequent supervised release.  Prior to announcing its decision, the court made the following statement: "the sheer

volume of violations in this case is disconcerting to me . . . I'm troubled, is what I mean by that."**[2]**

## II. Discussion

The central issue in this appeal is whether the district court exceeded its authority in revoking Campbell's supervised release because its decision was based, at least in part, on violations alleged after her term of supervision had expired. In support of her position that the district court erred, Campbell points to 18 U.S.C. § 3583(i), which extends a court's jurisdiction to adjudicate supervised release violations under the following circumstances:

> The power of the court to revoke a term of supervised release for violation of a condition of supervised release . . . extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

A. *Standard of Review*

The Government first argues that we should not reach the merits of this issue because Campbell failed to raise it below.

---

**[2]** As a preliminary matter, we interpret that statement as an indication that the district court based its sentencing decision, at least in part, upon the sustained violations in allegations 9, 13–21 and 23 of the Violation Report.

Campbell counters that the issue is jurisdictional and may properly be considered in the absence of an objection below.

We review a district court's assumption of subject matter jurisdiction de novo despite any failure to object in the trial court. *United States v. Pocklington*, 792 F.3d 1036, 1039 (9th Cir. 2015). We see no reason why we should not apply that standard to the § 3583(i) issue raised in this case.

As Campbell correctly points out, we have repeatedly declared that 18 U.S.C. § 3583(i) concerns a court's subject matter jurisdiction. *Pocklington*, 792 F.3d at 1039–40; *see also United States v. Garrett*, 253 F.3d 443, 449 (9th Cir. 2001). Moreover, we have previously and explicitly rejected the Government's argument in favor of plain error review to the extent it relies upon the Sixth Circuit's decision in *United States v. Madden*, 515 F.3d 601 (6th Cir. 2008). *See Pocklington*, 792 F.3d at 1040 (noting that, despite the Sixth Circuit's decision to apply plain error review in that case, it "repeatedly described § 3583(i) as a jurisdictional provision, labeling the question on appeal as '[t]he district court's jurisdiction over Madden's supervised-release violation' and its '[j]urisdiction to sanction Madden under 18 U.S.C. § 3583(i)'" (quoting *Madden*, 515 F.3d at 605, 606)).

B. *The District Court Exceeded its Extended Authority Under 18 U.S.C. § 3583(i) by Revoking Campbell's Supervised Release Based, in part, on Perjury Violations Alleged Post-Expiration*

The Government next argues that, should we consider the district court's post-expiration revocation power as conferred by § 3583(i) de novo, we should agree with the Fifth and Eleventh circuits and conclude that a district court has the

power to consider *any* violation of a term of supervised release and base a revocation thereupon so long as the defendant is properly before the court on a timely warrant or summons. *See United States v. Presley*, 487 F.3d 1346, 1349 (11th Cir. 2007); *United States v. Naranjo*, 259 F.3d 379, 382–83 (5th Cir. 2001); *see also United States v. Brennan*, 285 F. App'x. 51, 57 n.2 (4th Cir. 2008) (relying on *Naranjo* and *Presley* to summarily reach the same conclusion).

Campbell, on the other hand, insists a plain reading of § 3583(i) compels us to find the extended jurisdiction described therein only applies to defendants properly haled before the court on a warrant or summons issued during their supervised release and only as to violations alleged during the defendant's supervised release. Under this proposed interpretation a district court's extended jurisdiction would not apply to violations alleged after the defendant's supervised release has expired. Alternatively, Campbell urges us to adopt and expand upon the reasoning advanced by the Second Circuit in *United States v. Edwards*, 834 F.3d 180 (2nd Cir. 2016), to conclude that the statute only extends a court's jurisdiction to adjudicate supervised release violations alleged after supervision expires where (1) the defendant is properly haled before the court on a warrant or summons issued during the supervision period and (2) the post-expiration allegation is factually related to a matter raised to the court during the supervision period.

Looking first to "whether the language at issue has a plain and unambiguous meaning with regards to the particular dispute in [this] case," *Roberts v. Sea-Land Servs., Inc.*, 566 U.S. 93, 100 (2012) (quotation omitted), and assuming the "ordinary meaning of [the statute's] language accurately expresses" Congress's intent, *Hardt v. Reliance Standard Life*

*Ins. Co.*, 560 U.S. 242, 251 (2010) (quotation omitted), we agree with the Second Circuit in so far as it concluded:

> [18 U.S.C. § 3583(i)'s] language plainly states that extended jurisdiction arises only upon issuance of a violation warrant or summons before expiration of supervision and pertains only to matters arising before expiration of supervision.

*Edwards*, 834 F.3d at 193.

Moreover, we also agree with our sister circuit that nothing in the statute states that, once timely triggered, a court's extended revocation authority is limited to the adjudication of just those violations that are alleged in the triggering warrant or summons. *See id.* That does not, however, mark the end of our inquiry. On the facts of the case before us we must resolve an issue the Second Circuit eschewed; we must decide the outer-limits of a court's extended revocation power under § 3583(i) with respect to post-supervision allegations which are factually unrelated to matters raised during a defendant's term of supervision. *See id.* at 193–95 & n.11. As to this issue, we are not convinced by the government's arguments concerning the relevance of the statutory text "such a violation."

In interpreting a statute, "our task is to fit, if possible, all parts into an harmonious whole." *Roberts*, 566 U.S. at 100 (citation omitted). Contextually then, we read the phrase "such a violation" as part of a larger clause defining the requisite trigger for extending a court's revocation power beyond the expiration of a term of supervised release. Once that requirement is satisfied, however, the duration and scope

of the court's extended jurisdiction is delineated by the preceding clause, "for any period reasonably necessary for the adjudication of matters arising before . . . expiration." 18 U.S.C. § 3583(i). Therein, the text "matters arising before . . . expiration" plainly expresses Congresses intent to limit the universe of violations alleged post-expiration which a court is empowered to adjudicate under 18 U.S.C. § 3583(i) to only those which are factually related to matters raised in a signed warrant or summons issued before expiration.

Applying this reasoning to the facts here, we conclude the district court erred in adjudicating the perjury allegations because they were submitted by Siles after Campbell's term of supervision had expired. The district court did not err, however, in adjudicating the allegation concerning the Chevrolet Camaro in the form amended by Siles post-expiration on April 12, 2017. That amendment was factually related to the version alleged during Campbell's term of supervision.

Additionally and in light of the foregoing, we need not reach Campbell's ineffective assistance of counsel claim.

Accordingly, and for the foregoing reasons, the District Court's judgment is **VACATED** and this matter is **REMANDED** for further proceedings in accordance with this opinion.