**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO BATES; et al., | No. 15-56647 |
| Plaintiffs-Appellants, | D.C. Nos.<br>3:12-cv-00460-JM-MDD<br>3:13-cv-01891-JM-MDD<br>3:13-cv-01892-JM-MDD |
| v. | |
| METROPOLITAN INTERPRETERS<br>AND TRANSLATORS, INC., a<br>corporation, | MEMORANDUM* |
| Defendant-Appellee. | |
| FRANCISCO BATES; et al., | No. 15-56658 |
| Plaintiffs-Appellees, | D.C. Nos.<br>3:12-cv-00460-JM-MDD<br>3:13-cv-01891-JM-MDD<br>3:13-cv-01892-JM-MDD |
| v. | |
| METROPOLITAN INTERPRETERS<br>AND TRANSLATORS, INC., a<br>corporation, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California

---

*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Jeffrey T. Miller, District Judge, Presiding

Argued and Submitted May 17, 2018
Pasadena, California

Before: WARDLAW, NGUYEN, and OWENS, Circuit Judges.

Francisco Bates and eight other former employees (together, linguists) of Metropolitan Interpreters and Translators (Metropolitan), a federal contractor that provides translation services for the Drug Enforcement Administration (DEA), sued Metropolitan and the federal government alleging violation of the Employee Polygraph Protection Act (EPPA), 29 U.S.C. §§ 2001 *et seq.*, which prohibits private employers from requiring, requesting, suggesting, or causing any employee to take a polygraph test. Following summary judgment and a jury verdict in the linguists' favor, the linguists appeal the apportionment of non-economic damages between Metropolitan and the DEA, with whom they settled prior to trial. Metropolitan cross-appeals, challenging subject matter jurisdiction, summary judgment on liability, and the verdict.

We review jurisdictional challenges and legal determinations, including a grant of summary judgment, denial of a motion for judgment as a matter of law, and apportionment, de novo. *United States v. Campbell*, 883 F.3d 1148, 1152 (9th Cir. 2018) (jurisdictional challenges); *Colony Cove Properties, LLC v. City of*

2

*Carson*, 888 F.3d 445, 450 (9th Cir. 2018) (judgment as a matter of law); *Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 995 (9th Cir. 2017) (summary judgment); *United States v. Burlington N. & Santa Fe Ry. Co.*, 520 F.3d 918, 942 (9th Cir. 2008), *rev'd on other grounds*, 556 U.S. 599 (2009) (apportionment). We review denial of a motion for a new trial for abuse of discretion, with legal determinations reviewed de novo. *Kode v. Carlson*, 596 F.3d 608, 611 (9th Cir. 2010) (per curiam). We affirm.

1. Metropolitan's motion to dismiss for lack of subject matter jurisdiction is denied. Although "federal courts may not review the merits of the executive's decision to grant to deny a security clearance," *Zeinali v. Raytheon Co.*, 636 F.3d 544, 549–50 (9th Cir. 2011) (discussing *Department of the Navy v. Egan*, 484 U.S. 518 (1988)), Metropolitan is not the DEA, and the linguists challenge Metropolitan's conduct surrounding the polygraphs, not whether or not they actually failed polygraphs, *see id.* at 550 ("But if the plaintiff sues a [private employer] for allegedly discriminatory conduct that is merely connected to the government's security clearance decision, the concerns of *Egan* are not necessarily implicated.").

2. The undisputed facts establish Metropolitan's liability for violating the EPPA. As an initial matter, Metropolitan was undisputedly the linguists'

3

employer, *see* 29 U.S.C. § 2005(c)(1), as the linguists were undisputedly Metropolitan's at-will employees. Metropolitan also maintained employment records, determined linguists' schedules, and set linguists' wages. *Cf. Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009) (citing *Lambert v. Ackerley*, 180 F.3d 997, 1012 (9th Cir. 1999) (en banc)).

As the district court correctly concluded, the linguists came forward with overwhelming undisputed evidence that Metropolitan "require[d]" linguists to take polygraphs, "inquire[d]" into the results of those polygraphs, and "discharge[d]" employees who failed or refused to take polygraphs. 29 U.S.C. §§ 2002(1)–(3). Metropolitan undisputedly told its linguists they had to take polygraphs, encouraged them to submit to them, and scheduled when each polygraph would occur, actions well within the scope of the term "require" in 29 U.S.C. § 2002(1). Metropolitan undisputedly asked the DEA and linguists for the polygraph results; its human resources department requested a list of everyone who passed and failed the polygraphs; and its supervisors knew how many polygraphs were given and particular linguists' results, actions well within the scope of the term "inquire" in 29 U.S.C. § 2002(2). And Metropolitan told linguists who failed polygraphs that they had to leave and could not return and referred to them as being "laid off." The

4

fact that Metropolitan used another term for "discharge" does not absolve them of liability under 29 U.S.C. § 2002(3).

3. The district court properly denied Metropolitan's post-trial motions for judgment as a matter of law and for a new trial. The DEA's exclusive control of the actual polygraph examinations does not preclude Metropolitan's liability—the EPPA covers damages caused by a wide array of employer conduct surrounding polygraphing, not just the actual examinations. *See* 29 U.S.C. § 2002(1)–(3).

The non-economic damages awarded to each linguist are within the range of awards we have affirmed for comparable emotional distress arising from employment-law violations. *See, e.g.*, *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1040–41 (9th Cir. 2003); *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 503–04, 514 (9th Cir. 2000). Accordingly, they are not "grossly excessive or monstrous," as required for us to reverse. *Skydive Arizona, Inc. v. Quattrocchi*, 673 F.3d 1105, 1115 (9th Cir. 2012) (citation omitted).

4. The district court did not err in apportioning non-economic damages rather than imposing joint and several liability. The EPPA specifies that an employer who violates its provisions "shall be liable for such legal or equitable relief as may be appropriate, including, but not limited to, employment, reinstatement, promotion, and the payment of lost wages and benefits." 29 U.S.C.

§ 2005(c)(1). That "broad remedial mechanism[]" includes authority to, where appropriate, apportion damages between multiple tortfeasors. *C.I.R. v. Schleier*, 515 U.S. 323, 326 (1995) (describing the remedial provision of the Age Discrimination in Employment Act, 29 U.S.C. § 626(b), which authorizes "such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter"); *Nw. Airlines, Inc. v. Transp. Workers Union of Am.*, 451 U.S. 77, 93 n.28 (1981) (indicating that Title VII's remedial provision, 42 U.S.C. § 2000e-5(g), which authorizes "any other equitable relief as the court deems appropriate," includes the power to apportion damages). And apportionment is appropriate here, because Metropolitan's conduct violated the EPPA, but the DEA independently demanded polygraphing and exclusively controlled the actual examinations.

**AFFIRMED.**