**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 16 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-50116 |
| Plaintiff-Appellee, | D.C. No. 5:11-cr-00092-R-1 |
| v. | |
| KEVIN WILLIAM DURNELL, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted October 9, 2018**
Pasadena, California

Before:  IKUTA and OWENS, Circuit Judges, and GILLIAM,*** District Judge.

Kevin Durnell appeals the district court's revocation of his supervised

release and imposition of a nine-month term of imprisonment.  We have

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Haywood S. Gilliam, Jr., United States District Judge for the Northern District of California, sitting by designation.

jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the revocation of release and the sentence imposed. We modify the district court's judgment imposing three conditions of supervised release which this court has found to be unconstitutionally vague, and affirm the judgment as modified.

1. Durnell argues that he was not under the district court's jurisdiction when he was alleged to have violated the conditions of his supervised release term in 2018 because that term, imposed by the court in 2016, exceeded the statutory maximum. Thus, Durnell contends that his revocation must be vacated and his present term of supervised release must be terminated. There is no dispute that the district court's imposition of a three-year term of supervised release following revocation in 2016 exceeded its statutory authority. *See* 18 U.S.C. §§ 3583(e), (h). Durnell, nonetheless, *was* serving a term of supervised release at the time of the 2018 revocation proceeding—even if one imposed in error—and thus the court had jurisdiction over him. *See United States v. Castro-Verdugo*, 750 F.3d 1065, 1068–69 (9th Cir. 2015).

The cases Durnell cites for the principle that "[t]he Court has consistently recognized that § 3583 establishes the parameters of a district court's supervised-release *jurisdiction*" do not support his argument. Two of those cases involved Section 3583(i), which governs a court's power to revoke a term of supervised release "beyond the expiration of the term of supervised release." *See United*

18-50116

*States v. Campbell*, 883 F.3d 1148, 1152 (9th Cir. 2018); *United States v. Vargas-Amaya*, 389 F.3d 901, 907 (9th Cir. 2004). That section of the statute is not at issue in this case. The third case upon which Durnell relies, *United States v. Wing*, held only that the district court lacked jurisdiction under Section 3583(e)(3) to revoke a second term of supervised release that had not yet commenced, where the revocation was based on newly-discovered violations of conditions of the defendant's previously-revoked first term of supervised release. *See* 682 F.3d 861, 862–63 (9th Cir. 2012). None of these cases involved the circumstances present in this case, in which Durnell was serving a term of supervised release at the time of the district court's revocation order, and the district court revoked that term of supervised release.

Accordingly, we decline to reach the merits of Durnell's argument because an appeal challenging a "revocation proceeding is not the proper avenue through which to attack the validity of the original sentence." *See United States v. Gerace*, 997 F.2d 1293, 1295 (9th Cir. 1993).

2. Durnell and the government agree that Standard Conditions 5, 6, and 14 are unconstitutionally vague under this court's holding in *United States v. Evans*, 883 F.3d 1154, 1162 (9th Cir. 2018). Further, they agree that we may modify those conditions rather than remanding to the district court to do so.

We agree that the conditions imposed on Durnell are unconstitutional under

*Evans*, and that we may modify them without remand. *See United States v. Hall*, No. 17-10422, 2019 WL 166127, at \*1 (9th Cir. Jan. 11, 2019) (per curiam).

We strike the following phrase from Standard Condition 5: "and meet other family responsibilities."

We strike the word "regularly" from Standard Condition 6.

We strike the words "third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics" from Standard Condition 14. In their place, we add the words "specific persons of specific risks posed by defendant's criminal record." *See* U.S. Sentencing Guidelines Manual § 5D1.3(c)(12).

**AFFIRMED as MODIFIED.**

18-50116