**NOT FOR PUBLICATION**

**FILED**

JUL 19 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    22-10284 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00216-JAM-2 |
| v. | |
| REGINALD LAMONT THOMAS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted July 16, 2024[**]
San Francisco, California

Before:  M. SMITH, BENNETT, and JOHNSTONE, Circuit Judges.

Reginald Thomas appeals from the district court's decision to revoke his supervised release.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

In 2013, Thomas pleaded guilty to conspiracy to commit bank fraud and aggravated identity theft.  He was sentenced to 45 months of imprisonment and 60

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

months of supervised release. He began his supervised release on May 22, 2015.

In May 2019, the Probation Office filed the "Original Petition," which alleged five supervised release violations ("Violations 1–5"). The district court found probable cause and ordered the issuance of a warrant. In September 2019, after Thomas was arrested for the DUI, he was transferred to federal custody based on the previously issued federal warrant. At his arraignment, the district court ordered Thomas detained. In October 2019, the Probation Office filed the "First Superseding Petition," adding charges 6 and 7 related to Thomas's DUI arrest ("Violations 6–7").

In January 2020, a federal grand jury indicted Thomas on nine counts of bank fraud and one count of aggravated identity theft ("*Thomas II*"). The district court ordered Thomas detained pending trial. In February 2020, the Probation Office filed the "Second Superseding Petition," adding as charge 8 a new violation related to the *Thomas II* charges ("Violation 8").

Thomas's 60 months of supervised release was set to expire in September 2020. In September 2021, Thomas moved to dismiss the Petitions for lack of jurisdiction. The district court denied the motion. After the case was transferred to a different judge, Thomas moved to reconsider the denial. The court denied Thomas's motion for reconsideration.

In July 2022, Thomas pleaded guilty to all ten counts in *Thomas II* and admitted Violations 1–7. The district court took judicial notice of Thomas's guilty

plea and found that Violation 8 had been substantiated.

In October 2022, the district court sentenced Thomas in both cases. In the supervised release case, the court sentenced Thomas to 36 months of imprisonment. In *Thomas II*, the court sentenced Thomas to 75 months imprisonment. The court ordered the sentences to run concurrently. In the supervised release case, the court sentenced Thomas to 24 months of supervised release, to run concurrently with the 60 months of supervised release it imposed in *Thomas II*.

1. Thomas argues that, because Violations 6–8 were not previously issued upon a sworn warrant or summons, and because Violations 6–8, which were based on Thomas's DUI and the indictment in *Thomas II*, were not factually related to Violations 1–5, the district court's jurisdiction over Violations 6–8 terminated upon the expiration of Thomas's term of supervised release on September 13, 2020.[1] "We review de novo whether the district court had jurisdiction to revoke a term of

---

[1] Thomas relies on 18 U.S.C. § 3583(i) ("The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration *if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation*." (emphasis added)); and *United States v. Campbell*, 883 F.3d 1148, 1153 (9th Cir. 2018) (finding a post-expiration amendment to a properly filed, warrant-based violation to be factually related and permissible, while rejecting twenty-two other post expiration violation filings that were not factually related to proper warrant-based violations).

supervised release." *United States v. Ignacio Juarez*, 601 F.3d 885, 888 (9th Cir. 2010). We may affirm on any basis supported by the record, even if "the district court reached its conclusion through a different analysis." *United States v. Campbell*, 291 F.3d 1169, 1172 (9th Cir. 2002).

We reject Thomas's argument because, pursuant to 18 U.S.C. § 3624(e), Thomas's term of supervised release never expired. Thomas's pretrial detention since January 24, 2020, and his conviction and 75-month sentence in *Thomas II*, tolled the term of supervised release as of January 24, 2020.

Under 18 U.S.C. § 3624(e), "[a] term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." In *Mont v. United States*, 587 U.S. 514 (2019), the Supreme Court held that "pretrial detention later credited as time served for a new conviction is 'imprison[ment] in connection with a conviction' and thus tolls the supervised-release term under § 3624(e). This is so even if the court must make the tolling calculation after learning whether the time will be credited." *Id.* at 521.

Thomas had been continuously detained since September 25, 2019 and for *Thomas II* since January 24, 2020. As of January 24, 2020, Thomas still had about eight months remaining on his term of supervised release. That period was thus tolled under § 3624(e) because Thomas was later convicted in *Thomas II* and

4

Thomas received credit for his pretrial detention.

2.      Thomas next argues that the district court's jurisdiction over Violations 1–5 also terminated upon the expiration of Thomas's term of supervised release because the court's delays were not "reasonably necessary" in light of the parties' interests and the purpose of 18 U.S.C. § 3583(i).

Under § 3583(i), a court's authority to revoke an expired term of supervised release is permissible only if the delays in the revocation proceedings were "reasonably necessary." *United States v. Morales-Isabarras*, 745 F.3d 398, 401–02 (9th Cir. 2014).  All delays here were reasonably necessary.

First, delays were necessary once Thomas was indicted in *Thomas II* in January 2020.  The resolution of Violation 8 in *Thomas II* is a "reasonably necessary" delay.  *See id.* at 402–03.

Second, assuming some delays were caused by the first judge's unavailability in early 2020, such delays were reasonably necessary due to his familiarity with the case and the undisputed facts regarding his unavailability.

Third, the COVID-19 pandemic caused a reasonably necessary delay in early 2020.  *Cf. United States v. Olsen*, 21 F.4th 1036, 1047 (9th Cir.), *cert. denied*, 142 S. Ct. 2716 (2022).

Plus, Thomas caused delays himself, repeatedly seeking to continue both the supervised release and *Thomas II* cases for defense preparation.  And Thomas agreed

5

to several stipulations (from 2020 to early 2022) to extend the time for the hearing at which Thomas would decide to admit or deny the charges.

**AFFIRMED.**